## ROYER *v.* SHULTZ BELTING CO.[1]

*(Circuit Court, E. D. Missouri.* November 3, 1886.)

TRIAL—ORDERING VERDICT.
> Where the court would set aside the verdict *eo instante* if found for the plaintiff at the close of his case, it should instruct the jury to find for the defendant.

At Law. Motion by plaintiff for a new trial.
For report of trial, see 28 Fed. Rep. 850.
*M. A. Wheaton* and *Broadhead & Hæussler,* for plaintiff.
*Krum & Jonas,* for defendant.

TREAT, J., *(orally.)* This case being for an alleged infringement of an expired patent under the recent rulings of the supreme court of the United States, it became necessary to go to the jury on the law side of the court. Those who have had any experience in this class of litigation know how difficult it is for 12 gentlemen, sitting in a jury-box, to go through an examination of a long series of patents, hurried as they must be, in order to reach a right conclusion; but the law devolves that duty upon them under proper circumstances.

The patent in this case of Royer was before the jury, with the specifications and claims, and a draft, admitted to be correct, of the apparatus used by the defendant. The court instructed the jury to find for the defendant. In doing so it laid the strain of the case on what it believed to be non-infringement. True, the counsel for the defendant insisted very strenuously, as he has on the motion now pending for a new trial, that the contrivances were not patentable, because there was no novelty, or no patentability I should say. The court did not consider that question, for the reason, to suit the convenience of the court and all concerned, it was suggested by the court that the question of infringement should be at first considered, and, if there was an infringement, the court would then proceed, in proper order, to determine the patentability or non-patentability of plaintiff's contrivance. The ground on which the court instructed the jury, as stated orally at the time, was that, admitting the plaintiff's patent to be valid, the defendant did not infringe. The reasons were then stated, and are preserved in the record. I have seen no reason to change my view with regard to the non-infringement by the defendant of plaintiff's patent. I held up the case on another question,—whether, inasmuch as the patentee, being a witness on the stand, said that the defendant's machine was substantially the same as described in his patent, it should not have been submitted to the jury. Now, the case referred to in 13 Wall., and succeeding cases, as I understand them, are practically these: that, where a court should set

[1] Edited by Benj. F. Rex, Esq., of the St. Louis bar.

aside the verdict *eo instante* if found for the plaintiff at the close of the plaintiff's case, it could instruct the jury to find for the defendant, thus saving time, costs, expenses, and annoyance. It was upon that doctrine, which I understand to be the doctrine now laid down by the supreme court, that the jury were instructed to find for the plaintiff.

There is no error. Therefore the motion will be overruled.